As they appear on the calendar, I had a little surgery to my nose, a result of a misspent youth in Santa Monica and Venice and Ocean Park, and developed a little cancer, and they got it out. People have asked me if I was in a fight, and I said, well, yeah. They said, well, what happened to the other guy? And I told them that I was going to take the afternoon off today so I could attend his funeral. But that's a joke, you know. My grandson, who's a comedian, one time he was with me and I was telling some jokes to city council. He said to I said, I don't know, Dave. I said, they're busy. You know, each one of them had a lobbyist in each ear and they weren't paying attention to me. But how come you're all so solemn today? All right. Well, I suppose after you leave here, you'll have plenty to worry about. Here's U.S. v. ANAYA-ZAMORA. OK. Ready? Good morning, Your Honors. Catherine Young from the Office of the Federal Public Defender for the Appellant Anaya. Mr. Anaya has raised three issues today. A jury instruction issue, an acceptance of responsibility issue, and a downward departure issue. And since both sides have presented 28 J letters on the acceptance of responsibility issue, I'd like to turn to that first. The application notes to Section 3E1.1 on the acceptance of responsibility state that a conviction by a trial court does not automatically preclude acceptance of responsibility. In a rare situation, a defendant may still demonstrate eligibility for acceptance of responsibility. But in this case, that was the sole basis of the district court's determination of eligibility. The application notes say that there is one example where a defendant goes to trial to assert issues that do not relate to factual guilt. And then as another example of that example, the application notes say, for example, a constitutional challenge to a statute or a challenge to the applicability of statute to the defendant's conduct. So we're talking about an example of an example of the entire universe of the United States. Now, if you look at Section 3E1.1 on the acceptance of responsibility, you'll see that there is no justification that Mr. Anaya was not entitled to acceptance. The district court said that because Mr. Anaya had gone to trial and asserted an affirmative defense, even though he didn't challenge the elements of the offense against him, because he had asserted an affirmative defense which was presented to the jury, it necessarily was not a defense to the factual elements of guilt. He admitted that he possessed the weapon. And that was the he admitted the elements of guilt. He asserted, though, that because the cases, you know, that talk about not contesting the elements of guilt don't involve the assertion of a factual defense, do they? I think a single case in that category. So I think what they come down to is, you know, if there's a if the defendant contests the factual basis of guilt, whether it's an element or a defense, then it's the same. What's the difference between contesting the factual element and contesting the factual defense? Well, I think there's a very big difference because. And as I said in the beginning, this is only an example of an example where you contest a factual element. But in this case, he admitted all the elements of the offense against him, which is all acceptance requires him to do. He presented an affirmative defense, which did include factual elements, but it still was an affirmative defense but charges against him. And with respect to your question, Your Honor, about whether there were cases in which the defendant raised factual elements, there are, in fact, cases where the defendant challenged a factual element like intent. In the I think in the Martinez case, you have an that's an attempted illegal reentry charge. The defendant said he lacked specific intent. That's an element of the defense. And he said, I lacked that element of the offense because I was intoxicated. So he challenged that. But this Court nevertheless said he's not categorically precluded from acceptance. We're going to look instead to see whether factually he did accept responsibility. And in that case, the Court said he didn't accept responsibility because his statement of acceptance was equivocal. He didn't really say, I'm I admit responsibility. He said, you know, I was intoxicated. He blamed it on his drug intoxication and didn't make an equivocal statement. So the Court turned to whether the defendant had actually accepted responsibility, even though he had challenged an element of the offense. In the Rojas case, the defendant, like Mr. Anaya, admitted the factual elements of guilt, but raised a defense which included factual and legal elements. And the Court nonetheless said he was eligible for consideration. There's another case, the McKittrick case cited in Rojas, where the defendant challenged the element of intent. He said he was charged with killing a protected wolf, and he said, I didn't know it was a wolf. Therefore, I didn't have the necessary intent for the offense. And in those cases, because it wasn't clear whether the district court understood that the defendant was eligible and the district court was required to conduct a factual inquiry into whether the defendant had accepted responsibility, the cases were remanded. And in this case, it's clear that had the district court conducted the requisite factual analysis, Mr. Anaya did accept responsibility. Some of the factors that the sentencing guideline tells us must be considered are whether the defendant truthfully admitted his conduct. And Mr. Anaya immediately came to the police station and admitted what he had done, admitted that he had possessed the weapon. Another factor the sentencing guideline tells us we must consider is whether the defendant voluntarily surrendered to authorities promptly after the offense, which, again, Mr. Anaya did. And then we can also consider post-offense rehabilitation. And Mr. Anaya submitted evidence that he had been going to school while he was incarcerated. He had letters of recommendation which commended his interest in attendance, which the letters said were seldom seen in this institution, and that he was a diligent student and an asset to the school. Mr. Anaya offered these elements, showing that these facts, showing that he accepted responsibility, but the district court never considered them because the district court was operating under the wrong legal assumption, that, in fact, what the sentencing guidelines tells us is an example of an example of the universe of cases in which a defendant may be entitled to acceptance was the entire universe. And I would also like to turn briefly to the jury instruction issue because Mr. Anaya requested jury instructions on duress, self-defense and justification. The Court said, I'm only going to give you justification. And this Court's precedents, including Lemmon, say that the defendant is entitled to instructions on any theory for which there is any foundation in the evidence. Why wasn't this one jury instruction just adequate? Well, in this case, I think the critical difference between justification, self-defense and duress, the foundational distinction is that justification requires a present threat, whereas self-defense requires an immediate threat and duress requires an immediate threat. So in Gomez, where the defendant asked for duress and the Court said, no, we're going to talk about justification, the reason was because in Gomez there was no immediate threat. There was a present threat. He had been told there was a contract on his life, but no one was waving a firearm in his vicinity. So in that case, self-defense and duress were inapplicable. Now, the reason I think that's significant is because in justification, because it's a present threat rather than an immediate threat, it's a more restricted defense. Because no one's waving a firearm, they're requiring you to have a higher burden of what you show to justify the defense. For example, the defendant has to show that he didn't recklessly place himself in the situation and he had no reasonable alternative. Now, in this case, it wasn't just a present threat. There was an immediate threat. Someone was waving a gun and Mr. Anaya was concerned that someone was in danger, in imminent danger. And therefore, he wasn't – he shouldn't have been required to rely only on the restricted justification defense because, in fact, he had situations where there was an immediate danger, an immediate threat of death, and therefore, he was also entitled to rely on the self-defense and duress jury instructions, which the Court denied him. And I think the Court denied him on the basis of the Gomez court saying in these situations we usually look at justification, but that was because under the facts of Gomez, the defendant wasn't entitled to duress or self-defense. There was no immediate danger. There was only a present threat, the defendant had been informed. And what supports the separate instruction on self-defense? What's the factual basis of that? The self-defense also includes defense of others. And Mr. Anaya, you didn't realize that. What was the factual presentation that would support giving a self-defense instruction? What are the elements of self-defense, in other words? The elements of self-defense. The defendant reasonably believed that it was necessary for a defense against an immediate use of unlawful force, and he used no more force than reasonably necessary. Now, in this case, Mr. Anaya saw a gun member waving a gun, thought that other people would be in danger, and he interceded and took away the gun to prevent the danger. And so that's what would justify the self-defense instruction. Well, the justification instruction was given. And was there any argument that you were the trial? No. Was there any argument that counsel could have made that counsel didn't make because the sole instruction that was given in this area was justification? I mean, how did it prejudice? Well, I think it prejudiced. You can make all these arguments under the justification instruction. I think you can make the arguments, but the problem is it's a more restrictive defense. And the jury could – there were four elements to a justification defense that the defendant is required to prove. And so the jury could have said, well, one of the elements that's in the justification that's not in the other two defenses is the defendant did not recklessly place himself in a situation. So the jury could have said, well, he intervened to take the weapon away from the gang member. Therefore, he recklessly placed himself in the situation. That's an example of how the jury, because of the justification defense, could have said, well, he doesn't fall within the confines of that defense, when, in fact, had a self-defense or a duress instruction been given, the jury wouldn't have been required to find that element not present in order to find that Mr. Anaya acted legally. And I'd like to reserve a few minutes of my time if there are no further questions for response. Yeah, well, you've got 24 seconds. Thank you. But, you know, if you've got 24 seconds, that's equivalent to someone else having three and a half minutes. Thank you, Your Honor. You get a lot in. May it please the Court, Ilana Artson on behalf of the United States. The defendant's conviction should be affirmed because the district court properly instructed the jury concerning the defense theory. The Court here gave a modified version of Instruction 8.60, which was modified to include a theory of defense of others. That was the correct instruction on these facts, while the other two instructions requested, 6.7, self-defense, and 6.5, duress to refute an element of the offense, were not proper on these facts. Both 6.5 and 6.7 are significantly different from 8.60 in the following respect. Both of them require the government to prove beyond a reasonable doubt the absence of duress or self-defense. However, in the Beasley case, which this Court decided after trial in this matter, that's at 346 Fed Third 930, this Court decided that on similar facts to those whether the defense is called justification, duress, necessity, or self-defense, a defense that is based on additional facts which excuse the possession is an affirmative defense on which the defendant bears the burden of proof by a preponderance of evidence as set forth in Instruction 8.60. The facts of Beasley are very similar to the facts here. It also involved a street fight in which the defendant grabbed a gun from a companion who was allegedly drunk and might shoot someone. The Court there, as here, gave Instruction 8.60, modified to include defense of others as well as a defense of self. The defendant argued that this was incorrect because the government had to negate self-defense beyond a reasonable doubt, and essentially the defense here was self-defense or defense of others. This Court rejected that argument and held that because felon in possession is not a specific intent crime, the defense was based on additional facts that were distinct from the underlying offense and was therefore an affirmative defense on which the defendant bore the burden of proof. For that reason, here as in Beasley, the defendant was not entitled to Instruction 6.5 or 6.7, which placed the burden on the government to disprove beyond a reasonable doubt the self-defense or the duress. I would also point out that with respect to the second count, which was the possession of the unregistered firearm, that likewise is not a specific intent crime, and the District Court correctly applied the reasoning that for the same reasons as in Beasley, the Instruction 8.60 was the only correct instruction for the second count. Turning now to sentencing, the District Court did not make any factual or legal errors in denying acceptance of responsibility. The District Court here stated at ER 644 that the defendant's decision to go to trial did not rule out acceptance. Instead, the District Court stated that it was focusing on whether the defendant had accepted personal responsibility for his offense, and the Court found that the defendant had not. Under the Martinez-Martinez case, which the government discussed in its 28-J letter, a recent decision of this Court in May of this year, the acceptance of responsibility cases can be summarized into stating three principles. The first principle is that a defendant who goes to trial is not precluded from the acceptance reduction. The District Court here did not legally err because the District Court recognized the defendant was not precluded. However, when a defendant goes to trial, there are two corollary principles to determine whether that defendant is entitled to acceptance. First, if the defendant goes to trial to assert a purely legal rather than a factual issue, he's entitled to acceptance. That's what Rojas Flores held. And secondly, if the defendant goes to trial to assert a factual defense, he is still not precluded from acceptance of responsibility, but under Application Note 2 to Section 3E1.1, the Court has to look primarily to the defendant's pretrial statements and conduct. Those three principles are set forth in Martinez-Martinez, and the application in that case is identical to the application that should govern in this case. In Martinez-Martinez, the defendant asserted a defense of voluntary intoxication, and this Court found he was not entitled to acceptance of responsibility. In doing so, the Court relied on an earlier case called Johnson, in which the defendants had asserted a duress defense. The Court said these defendants were not entitled to acceptance based on their conduct at trial, because if their testimony had been accepted, they would not have been guilty, and that is not an acceptance of responsibility. That is exactly what the District Court found here. If the defendant's factual defense of justification had been accepted by the jury, he would not have been guilty. Therefore, that is not an acceptance of responsibility at trial. So the question in this case becomes, as it was in Martinez, did the defendant manifest an acceptance of responsibility by his pretrial statements and conduct? In Martinez, the defendant had not. He only did so after trial, and therefore was not entitled. Here, for exactly the same reason that the defendant was not entitled to acceptance at trial, he also was not entitled to acceptance of responsibility based on his pretrial conduct. He doesn't work as a frivolous defense by any stretch of the imagination. Well, the standard How is a defendant in this situation ever supposed to test his reasonable belief that his conduct was excusable? Your Honor, that's He has no right to do that? He does have a right. Is that being punished? He does have a right, and that's why a defendant who asserts a factual defense at trial is still entitled under Note 2 to acceptance if he demonstrated an acceptance of responsibility prior to trial. That's what happened, for example, in Well, what does that mean? He comes in there and he says, Look, you know, I'm a felon. I had this firearm. I'm guilty. But I think I've got this defense of justification. And I'd like to assert it. And then he does. And that's not acceptance of responsibility. It's not an acceptance of responsibility. Isn't that kind of twisted? It's not. Well, Your Honor, it's not an acceptance of responsibility. I'll tell you something. This whole subject kind of makes me ill. Somebody would have told me 30 or 40 years ago that a person who goes to trial and exercises his constitutional rights or her constitutional rights to a jury trial or a court trial and is found guilty just for going to trial and putting the government to a little extra trouble, you know, that that person would be punished. I mean, I'd have fallen off my seat. But after a while, we get used to all of these cruelties and all of these violations of constitutional rights. So then we start splitting hairs about this or that. Someday they're going to look back at this era and just wonder, you know, whether we were sort of quasi barbarians or not. You don't want to be part of that now, do you? Well, Your Honor, it's absolutely right that a defendant cannot be penalized for going to trial and asserting a defense. We do it all the time. You know, I was a trial judge for a long time. I would never think of penalizing anyone who wanted to go to trial. That was their right. You know, you can't penalize people for exercising their constitutional rights, but we do it now. But that isn't what the district court did here. First of all, the district court looked at the entirety of the defendant's conduct and determined, for one thing, that the factual basis of the defendant's conduct was not credible. And the district court believed that it could not rely on that, which, as the government has argued in its brief, is incorrect. The defendant bears the burden of proof by a preponderance of evidence. Well, what she said was, he's saying I did these facts, but I'm justified in doing them. For that reason, I think the probation department has correctly calculated, you know, he's not entitled to acceptance of responsibility. But that was in the context of an entire discussion in which he was pretty clear that she was concerned that he had gone to trial over a factual issue. Well, the district court here, because it was not disputed that the defendant's entire course of conduct, both pre-trial and post-trial, both pre-trial and at trial, related to a justification set of facts, there were different facts. At the time of his arrest, he asserted that he was acting in self-defense because someone had pointed a gun at him. And at trial, he asserted that he acted in defense of others because somebody had pointed a gun at the men on the balcony. But immediately after the statement that Your Honor just quoted, the district court went on and said, you know, frankly I don't find the defendant's either version or multiple versions very credible. These are just not believable that any of the facts that he described to support his defense happened. But I don't think that I'm entitled to rely on that. The district court — Well, did he ever dispute that he possessed the gun? He did not dispute that he possessed the gun, but he claimed that he was justified in doing so. And while those two statements are not — What do you think is the most significant factor in assessing whether somebody has accepted responsibility for their crime? The district court — Or their wrongdoing. Well, the district court said it's whether he ultimately accepted moral responsibility for this offense. And the defendant never did because he said consistently from the time he was arrested and through trial, I didn't commit a crime. What I did was not wrong. And the district court said you haven't accepted responsibility because what you did was wrong. You were not justified. And that could have been because the district court didn't believe the facts that the defendant relied on and also did not believe that he was justified. The defendant never accepted that I did something wrong. He said I possessed a gun, but I was entitled to do so. I'm not morally justified or not. What's the standard for that? That's why the district court is entitled to great discretion under the sentencing guidelines because — How is that morally justified? Did he morally accept responsibility? Did he admit that he committed an offense and accept responsibility? This is a reduction not for admission of elements. It's for acceptance of responsibility. Did he say I'm responsible for doing something wrong? The district court found that the defendant had not. You know, unreasonable doubt that had to do with moral certainty. And that was a deep sixth as well. Well, moral certainty and beyond a reasonable doubt. Moral certainty and how can you do anything like that? Your Honor, this is a factual finding that is reviewed for clear error precisely because it is very difficult to define a rule that would state in all cases how do you know when a defendant is truly accepting responsibility for his offense. But that's what this reduction covers. Not admission of elements. It's acceptance of responsibility for committing a crime. And in Martinez-Martinez, this court said that when a defendant gets up and offers an alternative set of facts and those facts would excuse criminal liability, that's not acceptance of responsibility. If he'd had the benefit of the instructions that weren't given and then the burden was on the government to disprove, you know, like the existence of duress or whatever it was, then would that change the situation? It might be a different situation if the government had the burden of proving these elements and the defendant contested factual guilt but had previously, in his pretrial statements or conduct, accepted responsibility. But in this case, the defendant was not entitled to those instructions because he bore the burden of proof by a preponderance. And he offered additional facts which the court found were not credible. And in that sense he'd have – Well, if he'd have gotten the instructions that he wanted and that weren't given, then maybe there'd have been a different result. But he wasn't legally entitled to the instructions. Let me just ask you a hypothetical question. Is that right? I said if he'd received them, you know. Ms. Artson, when I was questioning Ms. Young, I think I sort of indicated the possibility that, well, and this is what the trial judge seems to have done, as long as the question is factual as opposed to a purely legal question, then the facts were found against the defendant. That's a basis for denying the acceptance of responsibility. All right? But on the other hand, you know, if you look at the guideline literally, it addresses only the conduct comprising the offense. It says nothing about affirmative defenses. And so if you limit the factual admission to the offense itself, the defendant did admit the conduct which would comprise the offense, didn't he? And that's why in our brief we cited the Rutledge case, in which this court said in order to obtain acceptance, a defendant is not required to admit relevant conduct. Well, relevant conduct is different from the offense conduct. We're not concerned with relevant conduct here. The question is, though, he admitted the conduct comprising the offense. Right. But he falsely asserted other facts. And what the court said in Rutledge is, you're not required to affirmatively accept responsibility for relevant conduct, but if you falsely deny relevant conduct, then the court does not clearly err in denying acceptance of responsibility. But the commentary is also clear that that false denial is limited to relevant conduct, isn't it? But the principle... And we're not talking here about relevant conduct. We're talking about the offense itself. Right. So the principle here is even stronger than it is in Rutledge. The idea behind Rutledge is that it is inconsistent with the idea of accepting responsibility for a defendant to deny falsely relevant conduct. It is even more inconsistent with acceptance of responsibility for a defendant to falsely deny or offer a false alternative set of facts to excuse the offense conduct. And that's what happened here. So the district court did not clearly err in finding, based on this totality, that the defendant had not come forward and affirmatively accepted responsibility for his criminal conduct. And the best case for your position is this new case you cite, Martinez-Martinez? I think Martinez-Martinez is the most recent and the most comprehensive case. But the principle has been set forth consistently in the other cases we've cited, like Rutledge and Molina, the entrapment case. I just wanted to make one quick point with regard to the Blakely issue that was raised by the defense. I just wanted to apologize for an error in my Rule 28J letter. The defendant was in criminal history 4, not 5. But nonetheless, even if Blakely applied here, the defendant would still be facing a sentence of at least 46 months, and therefore there's no reason for the court to reach that issue. So I just wanted to make one quick point with regard to the Blakely issue that was raised by the defense.   But nonetheless, even if Blakely applied here, the defendant would still be facing a sentence of at least 46 months,  Thank you, Your Honors. We're not contending that the government had the burden of proof. We admit that we had the burden of proof on the affirmative defenses. Then with respect to the acceptance of responsibility issues, she made a few points. At one point, she said the district court looked at the entirety of the defendant's conduct and that it's a factual finding reviewed for clear error. And in fact, our point is the district court did not look at the facts of his acceptance because it made a legal determination with a misinterpretation of the sentencing guidelines, which it felt precluded it from reaching the factual issue of whether Mr. Anaya accepted responsibility for his conduct. And I think it's clear that he factually did admit all the elements of the offense. And there's a – and the prosecutor was saying, well, maybe that's enough. But in the Martinez case, which the prosecutor was arguing was one of the most apposite cases, Mr. Martinez argued at trial that he lacked specific intent. So he was actually denying an element of the offense, and yet he was eligible for acceptance. So here, clearly, we've got an affirmative defense, which is far removed from an element of the offense. And thus, clearly, Mr. Anaya was also eligible and should have been considered. And then another issue which was presented was that Mr. Anaya was presenting different facts. The government claims that Mr. Anaya falsely denied certain elements and presented different facts. In fact, what Mr. Anaya didn't testify, his statement to the police came in through the police. The statements of other witnesses that he presented may have had discrepancies in terms of details, but that's because, for one thing, the witnesses were testifying through translators. The witnesses had different vantage points. They were at the events at different times. And the fact that there's a discrepancy among what the witnesses testified to does not mean that Mr. Anaya falsely testified. He exercised his constitutional right to trial. He presented the witnesses that he could muster in his defense. And the fact that there might have been some discrepancies among the witnesses can't be held against him because that's just the nature of eyewitness identification testimony. And so that's it. Thanks very much. Okay. But if you had gotten those extra, those instructions that you wanted and you weren't given, how would that have made a difference? I think it definitely could have. But we don't know what made the jury decide that Mr. Anaya was not justified. But there were four elements to the justification defense, two of which were not in the self-defense or duress instructions. Now, the jury could have based its finding that he was not justified on one of those elements that wasn't in self-defense or duress. And thus, if they had the simple duress or self-defense instructions, they might have said, well, in fact, these apply, and we'll find that his conduct is excusable and he's not guilty. Thank you. Thank you. The matter will stand submitted. We'll come to the next matter, U.S. v. Jose.
judges: Pregerson, Tashima, Paez